Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4313 | **DATE** | 11/9/2010 |
| **CASE TITLE** | Jones vs. Countrywide Home Loans Inc. Et al. | | |

**DOCKET ENTRY TEXT**

Before the court is plaintiff's Motion for Relief from Judgment or Order [115], noticed for hearing on 11/10/10. The court has reviewed the motion, defendant's response and plaintiff's reply. For the reasons set out below, the motion is denied. The motion hearing on 11/10/10 is stricken.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

On October 4, 2010, the District Judge denied plaintiff's motion for sanctions, finding that there had been no action on behalf of the defendant to warrant sanctions. [Dkt 100.] But the District Judge granted plaintiff's motion to extend discovery, extending fact discovery cutoff to November 1, 2010. (*Id.*) On October 7, 2010, plaintiff filed a motion to compel discovery, specifically, to compel defendant to produce the original of the note associated with plaintiff's mortgage. [Dkt 102.] The only relief plaintiff requested was the production of the original promissory note. (*Id.*) After initially resisting, defendant produced the original of the note for plaintiff's inspection and copying. Thus, plaintiff's motion to compel was moot.

Plaintiff, however, was not satisfied by her inspection of the original note. On October 14, 2010, plaintiff served a notice for the deposition of a particular corporate officer of defendant to testify to information regarding any assignment, sale or transfer of the ownership of plaintiff's note and any actions to assign, sell or transfer the note. (Def.'s Mot. Quash, Ex. A.) [Dkt 107.] Defendant's motion to quash that officer's deposition was granted, but at the hearing plaintiff strongly expressed her need to learn the current status of the note. The court was concerned that a further deposition on the subject of the note would impose an unnecessary expense on the defendant, but allowed the plaintiff the option of taking a 30(b)(6) deposition limited to the subjects she said she wanted to know about – the endorsements and ownership of the note – and subject to the possible award of fees to defendant if, in fact, the deposition was unnecessary. [Dkt 111.] In order to allow plaintiff to consider if she wanted that deposition and to allow defendant to arrange for the appropriate corporate officer, that deposition was permitted to be taken by November 15, 2010. (*Id.*)

Because plaintiff indicated that she wanted to proceed with that deposition, the parties jointly sought and obtained a brief extension of the current schedule from the District Judge, extending discovery to December 1, 2010. [Dkt 112, 114.] Notably, in that motion, plaintiff did not say that any additional discovery was needed beyond that single deposition.

| STATEMENT |
|---|

In the current motion, plaintiff states that she has now "reconsidered her position" and wants to take discovery "concerning matters that relate more specifically to the claims against the Defendants that are listed in Plaintiff's Complaint." (Pl.'s Mot. at 2.) Plaintiff states that this will be her first deposition in the case. (*Id.*) *She does not identify any specific topics for the deposition, nor does she explain why she chose not to take any depositions during the year this case has been pending.* In her previous motion to extend time for discovery, plaintiff told the court that she had issued subpoenas to obtain documents. (Pl.'s Mot. Sanctions, to Strike and to Extend at 5.) [Dkt 94.] That demonstrates that plaintiff knew how to obtain discovery she needed, notwithstanding her *pro se* status.

Discovery has been extended five times in this case. Plaintiff has had ample opportunity to notice and take any discovery she wanted to take. This court does not read the District Judge's extension of discovery to accommodate plaintiff's desire to take a 30(b)(6) deposition on the subject of the note to be an extension of general discovery. Accordingly, this court will not convert its earlier ruling into something that plaintiff did not request or argue for when the ruling was made. The motion is denied.